**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Mark Joseph SMITH, Respondent.**

**No. 2005–SC–0292–KB.**

Supreme Court of Kentucky.

Jan. 19, 2006.

## OPINION AND ORDER

Mark Smith, whose last known bar roster address is 8500 Running Spring Drive, Louisville, Kentucky, was admitted to the practice of law in Kentucky on May 1, 1991. On May 13, 2002, Smith was privately admonished for violating SCR 3.130–1.4(a), when he failed to adequately inform a client that he was not going to proceed with her case and thereafter failed to timely return her original documents. On February 20, 2003, Smith received a public reprimand for violating SCR 3.130–1.3 and 1.4(a), when he failed to diligently and promptly proceed with the representation of a client and to inform that client of the status of a divorce action. *Kentucky Bar Association v. Smith,* 97 S.W.3d 449 (Ky.2003).

On October 15, 2002, the Inquiry Commission charged Smith with three counts of professional misconduct. Count I alleged that Smith violated SCR 3.130–1.3 by failing to timely proceed with the representation of his client, J & J Properties, in the Jefferson Circuit Court and the Court of Appeals. Count II charged a violation of SCR 3.130–1.4(a), by failing to adequately communicate with the same client regarding litigation in the Jefferson Circuit Court and Court of Appeals. Finally, Count III charged Smith with violating SCR 3.130–1.8(h) and SCR 3.130–8.3(a), by attempting to settle a potential claim for malpractice liability with the same client without first advising, in writing, that independent representation in connection with such settlement negotiations is appropriate.

### FACTS

J & J Properties was sued by Abco–Bramer in the Daviess Circuit Court over a rental contract dispute. At that time, J & J owner, Jeff Gillette, hired attorney Bryan Reynolds (with the firm of Sullivan, Mountjoy, Stainback & Miller). When the case was dismissed for improper venue and refiled in the Jefferson Circuit Court, Reynolds advised Gillette that he needed to seek local counsel. Gillette thereafter contacted Smith about acting as counsel in the Jefferson County action. Per the information he had received from Reynolds, Gillette informed Smith that an answer was due on June 12, 2000. While Smith now contends that he did not agree to begin representation until the end of June, the record reflects that he informed Gillette he could handle the case and to have Reynolds fax the file documents to him. Nevertheless, Smith did not file an entry of appearance or an answer. As a result, on June 28, 2000, Abco–Bramer filed a motion for default judgment. On June 30, Smith filed an entry of appearance and a

motion for an extension of time. Nonetheless, the trial court denied an extension of time and granted the default judgment on July 6, 2000.

Smith did not inform J & J of the default judgment and instead filed a motion to alter, amend, or vacate the default judgment. The trial court held a hearing on July 31, 2000, and on October 25, 2000, denied the motion. Again, Smith did not inform J & J of the proceedings and, on November 22, 2000, filed a second motion to alter, amend, or vacate the October 25 order.

Smith filed an untimely notice of appeal in the Court of Appeals on February 12, 2001. However, the court never reached the issue of timeliness because Smith did not file a signed prehearing statement, despite the deficiency notice sent by the clerk. After Smith failed to respond to a show cause order, the Court of Appeals finally dismissed the appeal. Smith did not inform J & J of such.

In the interim, Abco–Bramer twice garnished J & J's bank accounts, collecting $15,257.00. Subsequently, through phone conversations in March and April 2001, Smith orally agreed to pay J & J restitution in the amount of $13,000. Smith was to draft a written agreement and begin paying $1,000 monthly, beginning in June 2001. He did neither. Also, Smith failed to advise J & J that independent representation in regard to the restitution/malpractice negotiations was advisable.

## DISCIPLINARY PROCEEDINGS

Following an evidentiary hearing in January 2004, the trial commissioner filed his report finding Smith guilty of all three charges and recommending a nine month period of suspension based, in part, upon Smith's two prior disciplinary sanctions. Smith thereafter appealed the decision to the Board of Governors.

Pursuant to SCR 3.370(6), the Board of Governors considered the matter *de novo*. Following a hearing, the Board found Smith guilty on Count I (SCR 3.130–1.3) and not guilty on Count III (SCR 3.130–1.8(h) and SCR 3.130–8.3(a)). However, three quarters of the Board (or in this case, 11 of the 16 members present and voting) were unable to reach a decision on Count II, as required by SCR 3.370(6). Nor was the Board able to reach eleven votes as to the recommended sanction for Smith's ethical violation under Count I. The final vote was split with eight members voting for a public reprimand and eight members voting for a thirty-day suspension from the practice of law.

Pursuant to SCR 3.370(8), the Kentucky Bar Association filed a notice of review in this Court. The KBA asserts that absent review: (1) there will be no determination as to Smith's guilt under Count II; (2) Smith will not be sanctioned for his violation of SCR 3.130–1.3 under Count I; and (3) Smith will not be assessed costs associated with the disciplinary action ($1,974.57). The KBA notes that it does not seek review of the Board's factual resolution of Counts I and III.

■ SCR 3.370(6) states that "[b]oth the findings and any disciplinary action must be agreed upon by eleven (11) or three-fourths (3/4) of the members of the Board present and voting on the proceedings, whichever is less." However, the rules do not provide for what occurs in the event the Board cannot reach a majority decision. Thus, we are in the unusual position of being compelled to take review since the Board has failed to fulfill its responsibility under the rules.

Certainly this Court has the authority to review a decision of the Board, SCR 3.370(9), as we have original jurisdiction of all disciplinary matters. However, we

have typically done so in cases where we disagree with the recommended sanction. Here, the Board failed to make any recommendation as to a sanction with respect to Count I, or as to guilt on Count II.

 After conducting a *de novo* review of the record, and hearing oral argument, we uphold the Board's finding of guilt on Count I, and we also conclude that Smith is guilty of violating SCR 3.130–1.4(a), as charged in Count II. However, although Smith has twice been disciplined for unprofessional conduct, his counsel pointed out during oral argument that neither sanction had been imposed at the time of the violations at issue herein. Smith's counsel argued, and the KBA did not disagree, that Smith's professional misconduct in this case and the two prior cases all occurred contemporaneously during a time period in which Smith was not properly managing his office. Since that time, Smith has apparently undertaken some measures to improve his office and management skills and states that he is not the subject of any additional complaints. As such, we disagree with the trial commissioner's recommendation of a nine month suspension.

Accordingly, it is hereby ordered that:

(1) Mark Joseph Smith is suspended from the practice of law in this Commonwealth for a period of fifteen days for his violations of SCR 3.130–1.3 and SCR 3.130–1.4(a). The suspension shall commence from the date of entry of this order and shall continue until Smith is reinstated pursuant to SCR 3.510(2).

(2) In accordance with SCR 3.450, Smith is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $2,187.67, and for which execution may issue from this Court upon finality of this Opinion and Order.

LAMBERT, C.J.; COOPER, GRAVES, JOHNSTONE, ROACH, and WINTERSHEIMER, JJ., concur.

SCOTT, J., dissents.

I respectfully dissent. Not even the KBA Board of Governors found the Respondent guilty of Count II—nor can I. Neither did a majority of the KBA Board of Governors recommend a suspension on Count I. Under these facts I would impose a public reprimand on Count I. I therefore dissent.

Entered: January 19, 2006.

/s/ Joseph E. Lambert
CHIEF JUSTICE